1  MICHAEL L. TRACY, ESQ., SBN 237779
   MTRACY@MICHAELTRACYLAW.COM
2  MEGAN ROSS HUTCHINS, ESQ., SBN 227776
   MHUTCHINS@MICHAELTRACYLAW.COM
3  LAW OFFICES OF MICHAEL TRACY
4  2030 Main Street, Suite 1300
   Irvine, CA  92614
5  T: (949) 260-9171
   F: (866) 365-3051
6
7  Attorneys for Plaintiff HOLLI MENDEZ

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10                 **SACRAMENTO DIVISION**

| | |
|---|---|
| 11  HOLLI MENDEZ, an individual, on behalf of herself and others similarly situated and on behalf of The State of California Labor and Workforce Development Agency as a Private Attorney General | Case No.: |
| 12 | **CLASS ACTION COMPLAINT FOR MISSED REST BREAKS.** |
| 13 | |
| 14                  Plaintiff, | **INDIVIDUAL COMPLAINT FOR UNPAID OVERTIME UNDER CALIFORNIA LABOR CODE, IMPROPER PAY STUBS, WAITING TIME PENALTIES, OVERTIME UNDER THE FLSA, FAILURE TO PRODUCE RECORDS,  AND UNFAIR BUSINESS PRACTICES** |
| 15           vs. | |
| 16  TWEEN BRANDS, INC., A DELAWARE CORPORATION;  and DOES 1 through 10, inclusive, | |
| 17 | |
| 18                  Defendants. | **PRIVATE ATTORNEY GENERAL CLAIMS FOR UNPAID OVERTIME, MISSED REST BREAKS, IMPROPER PAY STUBS, AND IMPROPER RECORD KEEPING** |
| 19 | |
| 20 | |
| 21 | **DEMAND FOR JURY TRIAL** |

22  Plaintiff, HOLLI MENDEZ, alleges:

23                       **JURISDICTION**

24       1.     This Court has jurisdiction over this matter because this complaint alleges a federal

25  question in that violations of 29 U.S.C. § 201 et seq. are alleged.

26       2.     This court has supplemental jurisdiction of all the State law claims under 28 U.S.C.

27  § 1367(a).  The State law claims are all related to the same facts – namely whether Plaintiff

28

                                -1-
              COMPLAINT FOR LABOR VIOLATIONS

1  performed work and was not paid overtime wages and whether that failure to pay was willful.  The

2  failure to provide proper pay check stubs is also directly related to the FLSA claims because

3  Plaintiff is alleging that the pay check stubs are inaccurate because they did not list the overtime

4  required by the FLSA.  The waiting time penalty claim is directly related to whether the failure to

5  pay overtime required by the FLSA was willful.  As such, all the claims make up the same case or

6  controversy under Article III of the United States Constitution.

7  **GENERAL ALLEGATIONS**

8  3.      This Court is the proper court and this action is properly filed in the County of San

9  Joaquin and in this judicial district because Defendants do business in the County of San Joaquin,

10  and because Defendants' obligations and liabilities arise therein, and because the work that was

11  performed by Plaintiff in the County of San Joaquin is the subject of this action.

12  4.      This complaint contains causes of action brought pursuant to Labor Code § 2698, et

13  seq. which allows Plaintiff to sue on behalf of the State of California Labor and Workforce

14  Development Agency ("LWDA") as a Private Attorney General.  Pursuant to Labor Code §

15  2699(i), 75% of any penalties recovered under this third type of action will be paid to the LWDA,

16  with the Plaintiff receiving the remaining 25%.

17  5.      Private Attorney General Act causes of action do not require class certification.

18  6.      The true names and capacities of DOES 1 through 10 are unknown to Plaintiff, who

19  therefore sues the DOE Defendants by fictitious names.  Plaintiff will amend this Complaint to

20  show their true names and capacities when they have been ascertained. Plaintiff is informed and

21  believes, and hereon alleges, that some such Doe defendants are residents of California.

22  7.      Plaintiff is informed and believes that Defendants, each and all of them, at all times

23  material hereto, were the joint employers, parent companies, successor companies, predecessors in

24  interest, affiliates, agents, employees, servants, joint venturers, directors, fiduciaries,

25  representatives, and/or coconspirators of each of the remaining Defendants.  The Defendants,

26  unless otherwise alleged, at all times material hereto, performed all acts and omissions alleged

27  herein within the course and scope of said relationship, and are a proximate cause of Plaintiff's

28  damages as herein alleged.

-2-
COMPLAINT FOR LABOR VIOLATIONS

**PARTIES**

8. Plaintiff HOLLI MENDEZ ("MENDEZ") was jointly employed by Defendants from July 16, 2006 through July 26, 2009.

9. Defendant TWEEN BRANDS, INC. ("TWEEN") is a Delaware corporation doing business in the County of San Joaquin, State of California.

**CLASS ACTION ALLEGATIONS**

10. Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to Rules 23(a), (b)(1), and (b)(3). Plaintiff seeks to represent a class of all meter reads and who are currently employed or have been employed by defendants within the State of California who at any time four (4) years prior to the filing of this lawsuit worked as hourly employees for TWEEN.

11. TWEEN maintains a companywide policy that employees are not permitted to take paid rest breaks.

12. Plaintiff and class members routinely worked in excess of four hours without being provided an opportunity to take a rest break.

13. Plaintiff desired to take rest breaks but was denied the ability to take them by the company.

14. Plaintiff was never paid and additional compensation for not being able to take rest breaks. This policy of not paying for missed rest breaks was company wide.

15. Plaintiff proposes the following Class which will be referred to as the "California Waiting Time Class:"

> All persons who, from three years prior to the commencement of this action up to the time of judgment, worked as hourly employees for TWEEN within the State of California and are no longer employed at TWEEN.

16. Plaintiff proposes the following Class which will be referred to as the "California Unfair Competition Class:"

> All persons who, from four years prior to the commencement of this

1      action up to the time of judgment, worked as hourly employees for

2      TWEEN within the State of California.

3      17.    This action has been brought and may properly be maintained as a class

4 action under Rule 23 because there is a well-defined community of interest in the litigation

5 and the proposed class is easily ascertainable.

6      18.    A Class Action is a superior method for bringing this action in that there is a

7 well defined community of interest in the questions of law and fact.  Questions of law and

8 fact common to the class action include, but are not limited to:

9           a.  Whether TWEEN had a companywide policy of not allowing rest breaks

10               to be taken.

11           b.  Whether TWEEN refused to pay the rest break premium wage.

12           c.  Whether TWEEN's refusal to pay the wage was willful.

13      19.    Plaintiff and the Class Action Plaintiffs are similarly situated, have

14 substantially similar job duties, have substantially similar pay provisions, and are all subject

15 to Defendants' illegal labor violations in their refusal to pay proper overtime, their refusal

16 to properly pay for missed meal breaks, their refusal to provide adequate pay stubs, and

17 their refusal to pay employees all of their wages upon termination.

18      20.    The claims of the Plaintiff are typical of those of the class, and plaintiff will

19 fairly and adequately represent the interests of the class.

20      21.    The persons of this class are so numerous that the joinder of all such persons

21 is impracticable and that disposition of their claims in a class action rather than in

22 individual actions will benefit the parties and the Court.  While the precise number of

23 proposed class members has not yet been determined, Plaintiff is informed and believes that

24 Defendants currently employ, and during the relevant time periods employed, over 1000

25 meter readers.

26      22.    The prosecution of separate actions by individual members of the Class

27 would create the risk of inconsistent and varying adjudications, establishing incompatible

28 standards of conduct for Defendants.

1        23.     The questions of law and fact common to the members of the Class

2    predominate over any questions affecting only individual member, including legal and

3    factual issues relating to liability and damages.

4        24.     Class action treatment will allow those similarly situated person to litigate

5    their claims in the manner that is most efficient and economical for the parties and the

6    judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in

7    the management of this action that would preclude its maintenance as a class action.

8        25.     In the event that the Court determines at the notice stage or anytime thereafter that

9    all plaintiffs and members of the class action, are not "similarly situated," the definition may be

10   modified or narrowed, and/or appropriate subclasses may be established based on business unit or

11   otherwise.

12                      **PRIVATE ATTORNEY GENERAL ALLEGATIONS**

13       26.     Pursuant to Cal. Labor Code § 2698, et seq., the Private Attorney General Act

14   ("PAGA") of 2004,  Plaintiff is entitled to recover civil penalties on behalf of herself and other

15   current or former employees provided the notice and other procedures prescribed by the statute are

16   followed.

17       27.     Plaintiff is pursuing civil penalties for violations of Cal. Labor Code Sections 226,

18   subdivision (a), 510, 226.7, 1198, and 212.  These sections are all listed in Cal. Labor Code §

19   2699.5. As such, the procedures for this action are specified in Cal. Labor Code § 2699.3(a).

20       28.     Plaintiff is an aggrieved employee of some of these labor violations as set out in this

21   complaint.  She brings the PAGA causes of action for violations against all AGGRIEVED

22   EMPLOYEES, as defined below.

23       29.     Plaintiff's attorney gave written notice by certified mail to the Labor and Workforce

24   Development Agency ("LWDA") and Defendants stating the above mentioned code violations with

25   facts to support each allegation. The certified mail was postmarked October 20, 2009.  A copy of

26   this notification is attached as Exhibit A.

27       30.     The LWDA has failed to notify Plaintiff that they intend to investigate the

28   allegations, and more than 33 days have elapsed since notice was sent.  As such, Plaintiff may

COMPLAINT FOR LABOR VIOLATIONS

1 | commence a civil action pursuant to Cal. Labor Code § 2699.

2 |      31.    Cal. Labor Code § 2699(i) requires that any civil penalties be split with 75% paid to

3 | the LWDA and 25% paid to Plaintiff.

4 |      32.    The PAGA causes of action are brought for labor violations committed on the

5 | following group of AGGRIEVED EMPLOYEES: All hourly employees working within the State

6 | of California

7 | <center>**FIRST CAUSE OF ACTION**</center>

8 | <center>**FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL**</center>

9 | <center>**WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE**</center>

10 | <center>**(AGAINST TWEEN and DOES 1-5)**</center>

11 |      33.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 32.

12 |      34.    This cause of action is brought against TWEEN and DOES 1-5, jointly and

13 | individually.

14 |      35.    This cause of action is brought only by Plaintiff MENDEZ.

15 |      36.    Pursuant to Industrial Welfare Commission Order No. 7-2001, California Code of

16 | Regulations, Title 8, § 11070, for the period of Plaintiff's employment, Defendants were required to

17 | compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the

18 | regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week,

19 | and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day

20 | of hours worked in excess of eight (8) on the seventh consecutive work day in a week.

21 |      37.    Plaintiff MENDEZ worked more than eight (8) hours in a single workday or forty

22 | (40) hours in a single workweek on numerous occasions.

23 |      38.    Plaintiff MENDEZ was entitled to the above overtime premiums.

24 |      39.    Defendants did not pay Plaintiff premium wages of at least one and one-half times

25 | Plaintiff's regular rate of pay for hours worked past eight (8) in a day.

26 |      40.    Defendants did not pay Plaintiff premium wages of at least one and one-half times

27 | Plaintiff's regular rate of pay for hours worked past forty (40) in a week.

28 |      41.    Defendants did not pay Plaintiff premium wages of at least two times Plaintiff's

<center>-6-</center>
<center>COMPLAINT FOR LABOR VIOLATIONS</center>

1 | regular rate of pay for hours worked past twelve (12) in a day.

2 |      42.    Plaintiff MENDEZ worked at least one pay period in which she was not properly

3 | paid overtime within the three (3) years prior to the initiation of this lawsuit.

4 |      43.    Defendants know or should know the actual dates of overtime worked, the amount

5 | of overtime worked, and the amount of unpaid overtime due.

6 |      44.    As a proximate result of Defendants' violations, Plaintiff MENDEZ has been

7 | damaged in an amount in excess of $2,000 and subject to proof at time of trial.

8 |      45.    Pursuant to Labor Code §§ 218.6, 510, 1194 and California Code of Regulations,

9 | Title 8, § 11070, Plaintiff MENDEZ is entitled to recover damages for the nonpayment of overtime

10 | premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's fees and

11 | costs of suit.

12 | **SECOND CAUSE OF ACTION**

13 | **FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED**

14 | **UNDER LABOR CODE SECTION 226**

15 | **(AGAINST TWEEN and DOES 1-5)**

16 |      46.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 45.

17 |      47.    This cause of action is brought against TWEEN and DOES 1-5, jointly and

18 | individually.

19 |      48.    This cause of action is brought only by Plaintiff MENDEZ.

20 |      49.    Pursuant to Labor Code § 226, every employer must furnish each employee an

21 | itemized statement of wages and deductions at the time of payment of wages.

22 |      50.    Defendants knowingly and intentionally furnished Plaintiff pay stubs that did not

23 | accurately reflect all the information required by Labor Code § 226.

24 |      51.    Plaintiff suffered injury from the lack of proper information on the pay stubs

25 | provided by Defendants.

26 |      52.    Plaintiff suffered injury under this cause of action within a period of one (1) year

27 | prior to the initiation of this lawsuit.

28 |      53.    Pursuant to Labor Code § 226(e) and (g), Plaintiff prays for judgment against

1    Defendants in an amount subject to proof at trial plus costs and attorney fees.

2                              **THIRD CAUSE OF ACTION**

3          **WAITING TIME PENALTIES UNDER LABOR CODE SECTION 203**

4                          **(AGAINST TWEEN and DOES 1-5)**

5          54.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 53.

6          55.    This cause of action is brought against TWEEN and DOES 1-5, jointly and

7    individually.

8          56.    This cause of action is brought on behalf of the California Waiting Time Class.

9          57.    Plaintiff's employment with Defendants was terminated on July 26, 2009.

10         58.    Defendants willfully refused and continue to refuse to pay Plaintiff MENDEZ

11   unpaid wages as required by Labor Code § 203.  Defendants know that the pay is due and are

12   refusing to pay it.

13         59.    Plaintiff MENDEZ requests damages and penalties as provided by Labor Code §

14   203 in the amount of $2,760 and subject to proof at time of trial.

15         60.    Class members request damages in the amount of 30 days pay per former employee.

16                             **FOURTH CAUSE OF ACTION**

17     **OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. § 207 and § 216**

18                          **(AGAINST ALL DEFENDANTS)**

19         61.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 60.

20         62.    This cause of action is against all Defendants, jointly and individually.

21         63.    This cause of action is brought only by Plaintiff MENDEZ.

22         64.    Plaintiff is informed and believes and hereon alleges that Defendants are subject to

23   the provisions of the Fair Labor Standards Act.  Under 29 U.S.C. § 207(a) and § 216(b),  Plaintiff is

24   entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of  pay for hours

25   worked in excess of forty (40) hours in a week and an equal additional amount as liquidated

26   damages, as well as costs and attorney's fees.

27         65.    Plaintiff worked numerous weeks in excess of forty (40) hours.

28         66.    Plaintiff was entitled to the above overtime premiums.

67. Defendants failed to compensate Plaintiff for any overtime premiums.

68. This court has jurisdiction over this cause of action because the federal statute specifically grants the employee the right to bring the action in "any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b).

69. Plaintiff worked at least one week in which overtime premiums were not paid by Defendants under the Fair Labor Standards Act within the two (2) years prior to initiating this lawsuit.

70. Plaintiff's individual employment is covered by the terms of the Fair Labor Standards Act.

71. Defendant TWEEN was the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act.

72. Defendant TWEEN was an enterprise covered by the provisions of the Fair Labor Standards Act for the entire time of Plaintiff's employment.

73. Defendant TWEEN conducted business with a total gross sales volume in excess of $500,000 for each and every twelve (12) month period in which Plaintiff was employed.

74. Defendant TWEEN employed at least two (2) employees during each and every 12 month period in which Plaintiff was employed.

75. DOES 1-10 were the employer of Plaintiff, as the term "employer" is defined in the Fair Labor Standards Act.

76. Defendants' violations of 29 U.S.C. § 207 were willful and intentional.

77. Plaintiff prays for judgment for overtime pay of $2,000. This amount is subsumed by the overtime pay claimed in the First Cause of Action.

78. Plaintiff prays for judgment for liquidated damages in the amount of $2,000. This amount is supplemental to the relief requested in all other causes of action.

79. Plaintiff prays for costs and attorney's fees.

## FIFTH CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS

## CODE SECTION 17200

**(AGAINST TWEEN and DOES 1-5)**

80.     Plaintiff refers to and incorporates by reference Paragraphs 1 through 79.

81.     This cause of action is brought against TWEEN and DOES 1-5, jointly and individually.

82.     This cause of action if brought in behalf of California Unfair Competition Class.

83.     By failing to provide adequate rest breaks, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200, et seq.

84.     Plaintiffs pray for restitution under this Cause of Action in an amount subject to proof at time of trial.

### SIXTH CAUSE OF ACTION

### FAILURE TO PROVIDE PAY RECORDS

**(AGAINST TWEEN and DOES 1-5)**

85.     Plaintiff refers to and incorporates by reference Paragraphs 1 through 84.

86.     This cause of action is brought against TWEEN and DOES 1-5, jointly and individually.

87.     Pursuant to Labor Code § 226, employers must provide employees an opportunity to inspect or copy records upon request.

88.     Plaintiff requested her pay records in accordance with Labor Code § 226 on October 20, 2009.

89.     Defendants have failed to provide Plaintiff with an opportunity to inspect or copy her records within 21 days.

90.     Pursuant to Labor Code § 226, Plaintiff prays for judgment against Defendants in the amount of $750, costs and attorney fees.

91.     Pursuant to Labor Code § 226, Plaintiff prays for an injunction requiring Defendants to provide Plaintiff with all pay records under Labor Code § 226.

### SEVENTH CAUSE OF ACTION

### CIVIL PENALTIES FOR OVERTIME VIOLATIONS

**(AGAINST ALL DEFENDANTS)**

COMPLAINT FOR LABOR VIOLATIONS

92. Plaintiff refers to and incorporates by reference Paragraphs 1 through 91.

93. This cause of action is brought against all Defendants jointly and individually.

94. Plaintiff MENDEZ is informed and believes that all AGGRIEVED EMPLOYEES of Defendants were not properly paid overtime in violation of Cal. Lab. Code §§ 510 and 558.

95. At least one such violation against an AGGRIEVED EMPLOYEE occurred within the period of time one (1) year prior to Plaintiff giving notice to the LWDA.

96. Cal. Labor Code § 558 provides that an "employer or other person acting on behalf of an employer" who causes such a violation will be subject to a $50 penalty for each pay period for each employee.

97. Cal. Labor Code § 2699(g) provides that any "employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs."

98. Plaintiff MENDEZ prays for civil penalties in an amount in excess of $100,000 and subject to proof at time of trial, costs and reasonable attorney's fees.

## EIGHTH CAUSE OF ACTION

### CIVIL PENALTIES FOR BREAK VIOLATIONS

### (AGAINST ALL DEFENDANTS)

99. Plaintiff refers to and incorporates by reference Paragraphs 1 through 98.

100. This cause of action is brought against all Defendants jointly and individually.

101. Plaintiff MENDEZ is informed and believes that all AGGRIEVED EMPLOYEES of Defendants were subject to violations of Cal. Lab. Code §§ 226.7, 512 and 558.

102. At least one such violation against an AGGRIEVED EMPLOYEE occurred within the period of time one (1) year prior to Plaintiff giving notice to the LWDA.

103. Plaintiff MENDEZ prays for civil penalties in an amount in excess of $100,000 and subject to proof at time of trial, costs and reasonable attorney's fees.

## NINTH CAUSE OF ACTION

### CIVIL PENALTIES FOR LABOR CODE 226(a) VIOLATIONS

### (AGAINST TWEEN and DOES 1-5)

104. Plaintiff refers to and incorporates by reference Paragraphs 1 through 103.

1    105.    This cause of action is brought against TWEEN and DOES 1-5, jointly and

2    individually.

3    106.    Cal. Labor Code § 226(a)(9) requires that the employer provide a pay stub that lists

4    "all applicable hourly rates in effect during the pay period and the corresponding number of hours

5    worked at each hourly rate by the employee."

6    107.    Cal. Labor Code § 226(a)(1) requires that the gross wages earned by the employee.

7    108.    Plaintiff MENDEZ is informed and believes that Defendants failed to comply with

8    Labor Code § 226(a) for all AGGRIEVED EMPLOYEES.

9    109.    At least one such violation against an AGGRIEVED EMPLOYEE occurred within

10   the period of time one (1) year prior to Plaintiff giving notice to the LWDA.

11   110.    Cal. Labor Code § 226.3 provides that any employer who violates § 226(a) will be

12   subject to a civil penalty of $250 per employee per pay period.

13   111.    Plaintiff MENDEZ prays for civil penalties in an amount in excess of $100,000 and

14   subject to proof at time of trial, costs and reasonable attorney's fees.

15                              **TENTH CAUSE OF ACTION**

16                **CIVIL PENALTIES FOR FAILING TO KEEP RECORDS**

17                         **(AGAINST TWEEN and DOES 1-5)**

18   112.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 111.

19   113.    This cause of action is brought against TWEEN and DOES 1-5, jointly and

20   individually.

21   114.    Plaintiff MENDEZ is informed and believes that Defendants willfully failed to keep

22   proper start and stop time records for all AGGRIEVED EMPLOYEES.

23   115.    At least one such violation against an AGGRIEVED EMPLOYEE occurred within

24   the period of time one (1) year prior to Plaintiff giving notice to the LWDA.

25   116.    Cal. Lab. Code § 1174(d) required employers to keep accurate records as required

26   by the Wage Order, and as such is actionable under Cal. Lab. Code § 2698, et seq.

27   117.    Plaintiff MENDEZ prays for civil penalties in an amount in excess of $500 and

28   subject to proof at time of trial, costs and reasonable attorney's fees.

-12-
COMPLAINT FOR LABOR VIOLATIONS

**WHEREFORE,** Plaintiff prays for the following relief:

1.   That this case be certified as a class action for the class action claims.

2.   That class members be awarded restitution and penalties in an amount subject to proof at trial.

3.   Damages for overtime not paid to Plaintiff MENDEZ in an amount in excess of $2,000 and subject to proof at trial.

4.   For liquidated damages in the amount in excess of $2,000 and subject to proof at trial.

5.   Damages for meal premiums not paid to Plaintiff MENDEZ in an amount subject to proof at trial.

6.   For damages and penalties under Labor Code § 226 for Plaintiff MENDEZ in an amount subject to proof at trial.

7.   For penalties and damages pursuant to Labor Code § 203 for Plaintiff MENDEZ in an amount of $2,760 and subject to proof at trial.

8.   For $750 for failure to allow Plaintiff to inspect or copy records in a timely manner.

9.   For restitution and disgorgement for all unfair business practices against Plaintiff MENDEZ in an amount subject to proof at trial.

10. For prejudgment and post judgment interest.

11. Civil penalties under the Private Attorney General Act in an amount in excess of $400,000 and subject to proof at trial.

12. Cost of suit.

13. Attorneys' fees.

14. For such other and further relief as the court may deem proper.

DATED:  January 5, 2010                         LAW OFFICES OF MICHAEL TRACY

                                                             By: _____
                                                             MICHAEL  TRACY,  Attorney  for  Plaintiff
                                                             HOLLI MENDEZ

1

2 **<u>DEMAND FOR JURY TRIAL</u>**

3 Plaintiff demands a jury trial.

4 DATED:  January 5, 2010                    LAW OFFICES OF MICHAEL TRACY

5

6                                    By:   _____

7                                          MICHAEL   TRACY,   Attorney   for   Plaintiff
                                           HOLLI MENDEZ

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-14-
COMPLAINT FOR LABOR VIOLATIONS

# EXHIBIT A

# LAW OFFICES OF MICHAEL TRACY

2030 Main St   •   Suite 1300   •   Irvine, CA 92614   •   Phone 949-260-9171   •   Fax 866-365-3051

| | | |
|---|---|---|
| Labor and Workforce<br>Development Agency<br>801 K Street, Suite 2101<br>Sacramento, CA 95814 | Justice, Tween Brands<br>4950 Pacific Ave.<br>Stockton, CA 95207 | Tween Brands, Inc.<br>8323 Walton Parkway<br>New Albany, Ohio 43054-<br>9522 |

Date:  October 20, 2009

## RE: REPORTING LABOR VIOLATIONS OF JUSTICE, TWEEN BRANDS

Dear Labor and Workforce Development Agency:

I am an attorney who represents Hollı Mendez.  Ms. Mendez is a former employee of Justice, Tween Brands Inc. ("Employer").  Pursuant to Cal. Labor Code §2699, et seq, my client is giving notice of the alleged labor violatıons.  If the Labor and Workforce Development Agency does not have the time or interest in investigating these matters, please inform me of your intent to not investigate at the following address:

Law Offices of Mıchael Tracy
2030 Main St. Ste 1300
Irvine, CA 92614

My client was employed by Employer from 7/16/2006 through 7/26/2009.   The company's address where my clıent was employed is:

Justice, Tween Brands
4950 Pacific Ave.
Stockton, CA 95207

Below are the facts and theories of the various labor violations commıtted against my clıent as well all other aggrieved employees in California. My client believes that all of the following labor violations were committed against all employees working in a similar capacity to Ms. Mendez.  In addition, the following employees are also aggrieved of the violations ("AGGRIEVED EMPLOYEES"): All hourly employees working wıthın the State of California

During her time of employment, Ms. Mendez frequently worked over eight hours a day, and over forty hours per week.  Her overtime premıums were not properly calculated, in vıolation of Labor Code §510.  My client was required to work off-the-clock and thus was not paıd all overtime hours. In addition, this for non-overtıme hours, this is a

violation of Labor Code § 204. My client, from talking with other employees, understands that other AGGRIEVED EMPLOYEES were paid on a similar basis.

Ms. Mendez was not provided an adequate pay stub listing all hours worked and other items as required by Cal. Labor Code §226. My client believes that other AGGRIEVED EMPLOYEES were similarly treated.

Justice, Tween Brands failed to keep time records showing when the employee started and stopped each work period. Employer also failed to keep accurate records showing the start and stop time of each meal period as required by the applicable Wage Order's record keeping requirement.  This is a violation of Cal. Lab. Code § 1198 and 1174(d). My client believes that other AGGRIEVED EMPLOYEES were similarly treated.

Ms. Mendez was not provided ample rest break periods as required under Cal Labor Code §226.7.  My client believes that other AGGRIEVED EMPLOYEES were similarly treated.

Thank you for your time and any assistance in this matter.

Thank You,

Michael Tracy
Attorney

cc: Justice, Tween Brands, Tween Brands, Inc.

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To  LUDA
Street, Apt. No; or PO Box No
City, State, ZIP+4

7007 0220 0000 8056 9965

PS Form 3800, August 2006          See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To  Justice
Street, Apt. No; or PO Box No
City, State, ZIP+4

7007 0220 0000 8056 9958

PS Form 3800, August 2006          See Reverse for Instructions

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To  Wen Brands
Street, Apt. No; or PO Box No
City, State, ZIP+4

7007 0220 0000 8056 7343

PS Form 3800, August 2006          See Reverse for Instructions

**UNITED STATES
POSTAL SERVICE**®

Track & Confirm          FAQs

# Track & Confirm

## Search Results

Label/Receipt Number  7007 0220 0000 8056 7343
Service(s)  **Certified Mail**™
Status  **Delivered**

Your item was delivered at 10 21 AM on October 23, 2009 in NEW
ALBANY, OH 43054

| Track & Confirm |
|---|
| Enter Label/Receipt Number |

( Go > )

### Detailed Results

- **Delivered, October 23, 2009, 10:21 am, NEW ALBANY, OH 43054**
- **Arrival at Unit, October 23, 2009, 8:42 am, NEW ALBANY, OH 43054**

Copyright© 2009 USPS  All Rights Reserved    No FEAR Act EEO Data    FOIA

Case 2:10-cv-00072-MCE-DAD   Document 2   Filed 01/08/10   Page 20 of 21

**UNITED STATES POSTAL SERVICE®**

Track & Confirm        FAQs

# Track & Confirm

## Search Results

Label/Receipt Number **7007 0220 0000 8056 9958**
Service(s)  **Certified Mail™**
Status  **Delivered**

Your item was delivered at 11 57 AM on October 22, 2009 in
STOCKTON, CA 95207

Track & Confirm

Enter Label/Receipt Number

( Go > )

Site Map    Customer Service    Forms    Gov't Services    Careers    Privacy Policy    Terms of Use    Business Customer Gateway

Copyright© 2009 USPS All Rights Reserved    No FEAR Act EEO Data    FOIA

**UNITED STATES**
**POSTAL SERVICE**®

Track & Confirm          FAQs

# Track & Confirm

## Search Results

Label/Receipt Number  **7007 0220 0000 8056 9965**
Service(s)  **Certified Mail**™
Status  **Delivered**

Your item was delivered at 2 54 PM on October 22, 2009 in
SACRAMENTO, CA 95814

Track & Confirm

Enter Label/Receipt Number

( Go > )

Site Map     Customer Service     Forms     Gov't Services     Careers     Privacy Policy     Terms of Use     Business Customer Gateway

Copyright© 2009 USPS  All Rights Reserved     No FEAR Act EEO Data     FOIA