UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLI MENDEZ, an individual, and KATHRYN HAWKES, on behalf of themselves and others similarly situated and on behalf of the State of California Labor and Workforce Development Agency as a Private Attorney General,<br><br>Plaintiffs,<br><br>v.<br><br>TWEEN BRANDS, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>Defendant. | No. 2:10-cv-00072-MCE-DAD<br><br><br><br><br><br><br><br><br><u>MEMORANDUM AND ORDER</u> |

----oo0oo----

Through the present action, Plaintiffs seek monetary damages and civil penalties against Defendant Tween Brands, Inc. for violations of both state and federal labor laws. Plaintiffs assert individual, class action, and collective action claims, as well as claims brought under the Private Attorney General Act of 2004 ("PAGA") (Cal. Labor Code § 2698 <u>et seq.</u>). Plaintiffs contend in their First Amended Complaint ("FAC") that PAGA causes of action do not require class certification.

1

Defendant now moves to strike that portion of the FAC pursuant to Federal Rule of Civil Procedure 12(f).[1]  In the alternative, Defendant requests an order pursuant to Rule 23(d)(1) that PAGA claims must comply with Rule 23 class certification requirements. For the following reasons, both the motion to strike and the motion for an order that PAGA claims are governed by Rule 23 are denied.[2]

**BACKGROUND**

Plaintiffs Mendez and Hawkes filed their FAC against Defendant on March 29, 2010.  While the FAC asserts multiple causes of action, those at issue here seek to recover civil penalties pursuant to the Labor Code Private Attorneys General Act of 2004 ("PAGA").[3]  Cal. Lab. Code §§ 2698, et seq.
///

---

[1] Unless otherwise noted, all further references to Rule or Rules are to the Federal Rules of Civil Procedure.

[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

[3] The FAC sets out eleven causes of action regarding Defendant's alleged violations of the California Labor Code and the Fair Labor Standards Act: first, a class action claim for failure to pay overtime compensation under California law; second, a class action claim for failure to itemize wage statements under Cal. Lab. Code § 226; third, a class action claim for unpaid wages under Cal. Lab. Code § 203; fourth, a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216 for overtime pay and liquidated damages; fifth, a class action claim for failure to provide rest breaks under Cal. Bus. & Prof. Code § 17200; sixth, a private cause of action for failure to provide Plaintiff Mendez with pay records under Cal. Lab. Code § 226; seventh, PAGA penalties for overtime violations; eighth, PAGA penalties for break violations; ninth, PAGA penalties for pay stub violations; tenth, PAGA penalties for failure to keep accurate timecard records; and eleventh, PAGA penalties for falsification of documents.

1  This Court has both federal question and diversity jurisdiction
2  over this matter as well as jurisdiction pursuant to the Class
3  Action Fairness Act, 28 U.S.C. 1332(d).
4      PAGA allows "aggrieved employees" to act as private
5  attorneys general by bringing claims for civil penalties against
6  employers for violations of the Labor Code.  Cal. Lab. Code
7  § 2699(a).  Seventy-five percent of any funds recovered go to the
8  Labor and Workforce Development Agency ("LWDA") and the remaining
9  twenty-five percent go to the aggrieved employees.  Id.
10 § 2699(i).  A PAGA claim does not preclude "an employee's right
11 to pursue or recover other remedies available under state or
12 federal law, either separately or concurrently with an action
13 taken under this part."  Id. § 2699(g)(1).
14     PAGA sets out procedural requirements that must be met
15 before a claim can be brought.  The proposed plaintiff must
16 notify the LWDA of the alleged violations by certified mail, and
17 can only pursue a claim if the LWDA either declines to
18 investigate or neglects to respond within 33 days.  Id.
19 § 2699.3(1).  If the LWDA decides to investigate, it must do so
20 within 120 days.  Should it fail to investigate or decide not to
21 issue a citation, the proposed plaintiff may then bring a cause
22 of action.  Id. § 2699.3(a)(2)(B).
23     Defendant does not argue that Plaintiffs have failed to meet
24 these procedural requirements.  Rather, Defendant asserts that
25 unless Plaintiffs comply with Rule 23 class certification
26 requirements, in addition to the PAGA requirements, their claim
27 cannot be heard in federal court.
28 ///

3

**STANDARD**

The Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (rev'd on other grounds Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994)) (internal citations and quotations omitted). Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. Id.

**ANALYSIS**

The California Supreme Court held in Arias v. Superior Court that PAGA claims need not satisfy class action requirements. 46 Cal. 4th 969 (2009). The Arias court found, inter alia, that an employee plaintiff brings a claim "as the proxy or agent of the state's labor law enforcement agencies." Id. at 986.

///
///
///
///

1  Rather than representing a class of employees, such plaintiff
2  "represents the same legal right and interest as state labor law
3  enforcement agencies-namely, recovery of civil penalties that
4  otherwise would have been assessed and collected by the Labor
5  Workforce Development Agency." Id. at 986 (citing Cal. Lab. Code
6  § 2699(a), (f)).  Furthermore, "the act authorizes a
7  representative action only for the purpose of seeking statutory
8  penalties for Labor Code violations, and an action to recover
9  civil penalties is fundamentally a law enforcement action
10 designed to protect the public and not to benefit private
11 parties." Id. at 986 (internal quotation marks and citations
12 omitted).  A PAGA claim, therefore, is fundamentally different
13 from a class action in terms of both the interests represented
14 and the relief sought.  In light of this essential disparity
15 between the two types of claims, the California Supreme Court
16 held that while actions under PAGA "may be brought as class
17 actions," class certification is not mandatory. Id. at 981 n.5.
18
19     Defendant contends that while Arias has settled this issue
20 in California state court, PAGA claims must nevertheless be
21 brought as class actions in federal court.  To support this
22 argument, Defendant first points out that under the Erie
23 doctrine, federal law governs all procedural matters arising in
24 federal court. See Erie Railroad Co. V. Tompkins, 304 U.S. 64
25 (1938).  Defendant then claims that the California Supreme Court,
26 in Amalgamated Transit, held that PAGA claims are procedural in
27 nature. Amalgamated Transit Union Local 1756 v. Super. Ct.,
28 46 Cal. 4th 993 (2009).

5

According to the Amalgamated Transit decision, PAGA "does not create property rights or any other substantive rights. Nor does it impose any legal obligations. It is simply a procedural statute allowing an aggrieved employee to recover civil penalties-for Labor Code violations-that otherwise would be sought by state labor law enforcement agencies." Id. at 1003 (internal citations omitted).

The present case, however, is distinguishable from Amalgmated Transit, which involved the question of whether standing to sue under PAGA was a transferrable right. Id. Plaintiff labor unions sought standing to bring suit under PAGA by asserting that "aggrieved employees" had assigned to the unions their right to sue. Id. at 999. Amalgamated Transit held that PAGA does not create a transferrable right akin to a property right, and therefore the labor unions lacked standing. Id. at 1003. This holding is narrower than the one implied by Defendants that the statute is purely procedural.

To find that PAGA creates a wholly procedural right, and that Rule 23 therefore applies, would be to ignore the intent of the legislature in passing the statute. The California Legislature found that often "the only meaningful deterrent to unlawful conduct is the vigorous assessment and collection of civil penalties as provided in the Labor Code." Cal. Lab. Code § 2698(b). Because staffing levels in state labor law enforcement agencies "are likely to fail to keep up with the growth of the labor market in the future," the creation of a private right of action was "therefore in the public interest." Id. § 2698(c),(d).

1 The bringing of a private claim under PAGA is a procedure, but
2 one that serves the important function of protecting the "public
3 interest."  Such a statute is distinct in purpose and function
4 from a purely procedural rule, such as the method for service of
5 process or formatting a complaint.
6     Other District Courts have adopted a similar approach to
7 PAGA claims.  Two courts in the Northern District of California
8 have held that PAGA claims are fundamentally different from class
9 actions.  Before the Arias decision, the Hibbs-Rines court
10 nonetheless found that because PAGA claims are distinct from
11 class actions, they do not circumvent Rule 23.  Hibbs-Rines v.
12 Seagate Technologies, LLC, No. C 08-05430 SI, 4 (N.D. Cal.
13 March 2, 2009).  The court further held that the California
14 Supreme Court's ruling in Arias would be dispositive, indicating
15 that its holding would apply in federal court even in light of
16 Rule 23.  Id. at 4.  Without directly addressing the issue of
17 whether PAGA claims must be brought pursuant to Rule 23 class
18 certification requirements, the Ochoa-Hernandez court imported
19 the Arias court's reading of PAGA into its decision wholesale,
20 holding that an "analogy between class actions and PAGA claims
21 is... misplaced."  Ochoa-Hernandez v. CJADERS Foods, Inc., No.
22 C 08-2073 MHP, 4 (N.D. Cal. Aug. 22, 1983).  Finally, the Machado
23 court in this district found that Arias controls in federal court
24 and PAGA claims need not be brought as class actions.  Machado v.
25 M.A.T. & Sons Landscape, Inc., No. 2:09-cv-00459 JAM JFM, 3 (E.D.
26 Cal. July 23, 2009).
27 ///
28 ///

7

1    Defendants cite to the Ninth Circuit's decision in <u>Fiedler
2 v. Clark</u> to support their argument that federal law applies to
3 all procedural matters brought in federal court.  <u>Fiedler v.
4 Clark</u>, 714 F.2d 77 (9th Cir. 1983).  The <u>Fiedler</u> court held that
5 "[h]owever extensive their power to create and define substantive
6 rights, the states have no power to enlarge or contract federal
7 jurisdiction."  <u>Id</u>. at 80 (quoting <u>Duchek v. Jacobi</u>, 646 F.2d
8 415, 419 (9th Cir. 1981).  In <u>Fiedler</u>, the plaintiff sought to
9 establish jurisdiction in federal court for his claim against
10 defendants for chemical contamination of dairy products.  <u>Id</u>. at
11 78.  The Ninth Circuit held that the Hawaii Constitution, in
12 removing barriers to standing to sue, did not and could not
13 expand the jurisdiction of federal courts.  <u>Id</u>. at 80.  In the
14 present case, however, jurisdiction is not at issue.  Plaintiffs'
15 claims are brought in this court in accord with federal question
16 and diversity jurisdiction.  28 U.S.C. § § 1331, 1332 (2008).
17 Additionally, this court has jurisdiction over Plaintiffs' class
18 action claims pursuant to the Class Action Fairness Act.
19 28 U.S.C. § 1332(d) (2008).  None of these bases for jurisdiction
20 have been challenged by Defendant.  Plaintiffs' PAGA claim may
21 therefore be brought in this court under pendent jurisdiction
22 without enlarging federal jurisdiction.
23    Furthermore, by setting a different procedural standard in
24 federal court, we would encourage forum shopping on the part of
25 defendants, who would seek to remove cases to federal court in
26 order to force plaintiffs to comply with class certification
27 requirements.
28 ///

Moreover, Defendants fundamentally misstate the nature of PAGA claims. PAGA claims are law enforcement actions, not class actions. A plaintiff brings claims pursuant to PAGA as "the proxy or agent of the state's labor law enforcement agencies." Arias, 209 P.3d at 933.[4] The remedy sought in a PAGA suit consists of civil penalties, not individual or class damages. Cal. Lab. Code § 2699(a). "[A PAGA] action is fundamentally a law enforcement action designed to protect the public and penalize the employer for past illegal conduct. Restitution is not the primary object of a PAGA action, as it is in most class actions." Franco v. Athens Disposal Co., Inc., 171 Cal. App. 4th 1277, 1300 (2009). Defendant relies on the Supreme Court's ruling in Shady Grove that Rule 23 governs all class actions brought in federal court, Shady Grove Orthopedic Assocs. v. Allstate Ins. Co., 130 S. Ct. 1431 (2010), but PAGA claims, by definition, are not class actions. This renders Defendant's argument moot.

///
///
///

---

[4] Because we hold that PAGA actions are not class actions, but law enforcement actions, we need not address Defendant's argument that Plaintiffs lack Article III standing to pursue their PAGA claims without certifying as a class. For the same reason, we find unpersuasive the holding of the Central District in Adams v. Luxottica, No. 8:07 Civ. 01465 (C.D. Cal. July 24, 2009). The Adams court found that PAGA claims are representative actions brought on behalf of other aggrieved employees and that, as such, they must meet with Rule 23 certification requirements to be brought in federal court. Id. at 14. This argument is not applicable to our line of reasoning. Plaintiffs do not assert the rights of third parties, but rather represent the interests of state labor law enforcement agencies.

9

**CONCLUSION**

For the reasons just stated, Defendant's Motion to Strike (Docket No. 14) is DENIED.

IT IS SO ORDERED.

Dated: June 30, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE