MICHAEL L. TRACY, ESQ., SBN 237779
MTRACY@MICHAELTRACYLAW.COM
LAW OFFICES OF MICHAEL TRACY
2030 Main Street, Suite 1300
Irvine, CA 92614
T: (949) 260-9171
F: (866) 365-3051

Attorneys for Plaintiffs HOLLI MENDEZ
And KATHRYN HAWKES

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| HOLLI MENDEZ, *et al.* <br><br> Plaintiff, <br><br> vs. <br><br> TWEEN BRANDS, INC. <br><br> Defendant. | Case No.: 2:10-cv-00072-MCE-DAD <br><br> **DECLARATION OF MICHAEL TRACY IN SUPPORT OF FINAL APPROVAL OF THE SETTLEMENT CLASS** <br><br> Hearing Date: July 28, 2011 2:00 pm <br> Judge: Hon. Morrison C. England, Jr. <br> Depart: 7 <br><br> Date Filed: January 8, 2010 <br> Trial Date: NONE SET |

## <u>DECLARATION OF MICHAEL L. TRACY</u>

I, MICHAEL L. TRACY, declare as follows:

1. I am an attorney duly authorized to practice law in the State of California and am principal of the Law Offices of Michael Tracy, attorneys for Plaintiffs Holli Mendez and Kathryn Hawkes in this matter. If asked to, I could and would competently testify to the following of my own personal knowledge:

2. Tween Brands Inc. operates retail stores primarily located is shopping malls that sell apparel targeted to girls age 9-14. The company previously used the name "Limited Too" and its stores currently use the name "Justice" as their public brand name.

DECLARATION OF MICHAEL TRACY
1

3. Mediation took place in this matter on September 16, 2010 before Mark Rudy.  Mr. Rudy is an experienced wage and hour mediator and has extensive experience with class actions.

4. Although, Plaintiffs felt that they had a strong case, the amount of actual damages under the bonus calculation theory is very small.  Plaintiff Hawkes had less than $1.00 in damages and Plaintiff Mendez had none.

5. Plaintiffs also had an issue with unpaid "personal days."  TWEEN provides a variety of paid time off to employees, including holidays, sick days, and vacation time.  In addition to all of these, TWEEN also offered something called "personal days."

6. Plaintiffs had a good claim for these unpaid personal days, because the policy that they would be lost was well known to the employees, most of them used the personal days and the total estimate of damages for this claim was around $100,000.

7. Plaintiffs planned on using company documents that showed what a typical store schedule should look like to show that more hours were likely worked than were recorded.  However, in my experience this method of proof would be problematic.

8. For the missed meal and rest break claims, Plaintiffs had several problems:  (1) the Class Members had all signed the weekly timesheets indicating that they did take the required breaks, (2) TWEEN had a stated policy of paying the employees the required one hour of pay automatically if the employee did not record the break in the electronic time tracking system, (3) TWEEN contended that the breaks were always "provided" to the employees, even though some of them chose not to take the breaks.

9. In my experience, the claims for waiting time penalties do not significantly figure into cases such as this one.

10. In my analysis after reviewing thousands of documents produced by TWEEN, which gave me a detailed look into all the various pay provisions of TWEEN, I

DECLARATION OF MICHAEL TRACY
2

identified more technical violations such as the regular rate of pay issues and the issues with the personal days.

11. My basic analysis of a variety of statistical reports on the shifts and hours worked by the putative class members informally produced by Tween was that few employees worked more than 40 hours in a week and many shifts were for less than 6 hours.

12. I have litigated hundreds of wage and hour lawsuits and have been designated as Class Counsel for many class action lawsuits.

13. I am experienced with payroll systems and computing the regular rate of pay which greatly assisted with analyzing the large amount of data presented in this case.

14. Based my extensive experience in litigation of overtime issues regarding the regular rate of pay and other technical issues with the pay due to hourly employees, it is my view that this settlement represents a fair result for the class.

15. I notified the Labor and Workforce Development Agency (LWDA) of the alleged Labor Code violations.  The LWDA informed me that it did not intend to investigate the allegations.  In addition, the LWDA did not intervene in the action or otherwise cite TWEEN for any alleged violations.

16. Here, the allocation of $50,000 to Private Attorney General Act penalties is typically in line with other settlements I have been involved with.

17. A large number of notices were likely never received by the class members simply because no valid address was available.  This is likely because many of the employees were younger and many took the jobs as "summer work" while they were off from school.  This demographic tends to move around much more than older employees who have more established positions.

18. It should be noted that this Court had ordered that a certification motion be filed for a hearing date of January 27, 2011.  As the mediation was in September of 2010 Plaintiffs would have had ample time to prepare and litigate a contested motion for

DECLARATION OF MICHAEL TRACY
3

certification if that was necessary.

19. At the mediation the parties agreed to settle the case on a class wide basis.  My firm, The Law Offices of Michael Tracy and the law firm of Littler Mendelson practice regularly in the context of employment law.  The firms have had several cases in which they have been opposing counsel.  The relationship has always been professionally adversarial, and at no time during any of the settlement negotiations did the parties collude to subvert the interests of the Class.

20. All terms of the settlement are contained in the settlement agreement and have been disclosed in the filings with this Court.  There are no "side agreements" or any other terms between the parties or their attorneys that have not been disclosed to this Court.

21. The named Plaintiffs would have also been responsible for Defendant's costs should they not have prevailed in this lawsuit while unnamed class members would not have been. *Hernandez v. Vitamin Shoppe Industries Inc.*, 174 Cal. App. 4th 1441, 1460 (2009).  As such, Plaintiffs were the ones who actually put themselves at risk.  For a class action of this complexity, the litigation costs could easily have exceeded $50,000 had the case run its full course.

22. Plaintiffs both had their depositions taken and spent several hours reviewing issues with Class Counsel.

23. The current estimate of distribution has the Class Members receiving approximately 24% of the claims amount available for the opt-in portion of the class and 100% of the claims for the bonus and personal days claims.  The Settlement Agreement requires that this total amount be adjusted upwards to 50% of the total available to Class Members.  Based on the dollar amount of the claims made, all money will be paid to the class and none to Legal Aid Society.

DECLARATION OF MICHAEL TRACY
4

1  I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct.

2  Executed: July 14, 2011 at Irvine, CA

By: _____
MICHAEL TRACY